# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NANCY ANDREANO** | ) | CASE NO. 2:25-CV-00012 |
| Plaintiff, | ) | |
| | ) | JUDGE DOUGLAS R. COLE |
| vs. | ) | |
| | ) | MAGISTRATE ELIZABETH PRESTON DEAVERS |
| **COMPREHENSIVE HEALTHCARE SYSTEMS INC., et al.** | ) | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |
| | ) | |

The parties, Plaintiff, Nancy Andreano, and Defendants, Comprehensive Healthcare Systems, Inc. and Christopher Cosgrove (together, the "Defendants"), jointly move the Court to approve the parties' settlement agreement.

In this action, Plaintiff asserted claims against Defendants for failure to pay certain wages pursuant to the Fair Labor Standards Act. 29 U.S.C. § 201, et seq. ("FLSA"), Ohio Minimum Fair Wage Standards Act § 4111.01, et seq., and the Ohio Prompt Payment Act, R.C. § 4113.15. Plaintiff also brought claims, alleging breach of contract, unjust enrichment, negligent misrepresentation, fraudulent misrepresentation, promissory estoppel, and civil liability for criminal conduct. Plaintiff specifically alleged that—from March 2023 until March 2024—Defendants stopped paying Plaintiff her agreed upon base salary, and for several workweeks, Plaintiff received either no compensation at all or compensation that fell below the Ohio and Federal minimum wage rates. For their part, Defendants dispute these allegations.

Plaintiff's claims arising under the FLSA may only be settled or compromised by "a stipulated judgment entered by a court that has determined that a settlement…is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 U.S. Dist. LEXIS 80500, at *9-*10 (N.D. Ohio May 25, 2017) (internal

citations and quotations omitted). Likewise, the OMWFSA "incorporates the standards and principles found in the FLSA" and "Ohio's wage and hour law should be interpreted in accordance with the FLSA." *Id.* at *8, fn. 1. (internal citations and quotations omitted). To this end, Plaintiff's Ohio wage and hour claims may only be settled by a stipulated judgment entered by this Court.

Between February and April 2025, counsel for the Parties engaged in extensive settlement negotiations, which included the exchange of emails and numerous phone calls. During which time, counsel for the Parties exchanged information regarding their respective legal positions and regarding the extent/scope of Plaintiff's damages. As is reflected in the parties' settlement agreement, the total settlement amount is $90,000, which will be paid to Plaintiff. In exchange, Plaintiff will provide a general release of claims to Defendants. The parties engaged in arms-length negotiations to resolve this lawsuit. *Moore v. Aerotek, Inc.*, S.D.Ohio No. 2:15-cv-2701, 2017 U.S. Dist. LEXIS 102621, *9 (June 30, 2017) ("Absent evidence to the contrary, courts presume that a class settlement is the result of arm's length negotiations and is not the product of fraud or collusion"). Further, the parties' settlement agreement reflects a fair and reasonable resolution of a bona fide dispute over Plaintiff's claims. More specifically, settlement negotiations were extensive and conducted fairly; the outcome of litigation is uncertain for Plaintiff; and the risks and costs of continued litigation are evident for both sides. Both parties therefore desire to reach a negotiated resolution, and the parties respectfully request that the Court approve the settlement agreement and order that the settlement agreement be implemented according to its terms and conditions.

The settlement documents submitted for approval or entry by the Court consist of the following:

- Exhibit 1: The Settlement and Release Agreement
- Exhibit 2: Agreed Order Approving Settlement

For the reasons addressed above, the Parties respectfully request that this Court approve the settlement by entering the proposed Agreed Order Approving Settlement, attached as Exhibit 2.

Respectfully submitted,

/s/ Frank T. George
Rachel L. Steinlage (0079450)
rls@mccarthylebit.com
Frank T. George (0097925)
ftg@mccarthylebit.com
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
1111 Superior Ave., Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Fax:    (216) 696-1210

*Attorneys for Plaintiff*

/s/Raymond W. Lembke
Raymond W. Lembke (0003044)
rlembke@fuse.net
LAW OFFICE OF RAYMOND W. LEMBKE
496 Old State Route 74, Suite 202
Cincinnati, OH 45244
Phone: (513) 621-9603

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on May 27, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Frank T. George*
Frank T. George (#0097925)

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made by and among Nancy Andreano ("Andreano"), on the one hand, and Comprehensive Healthcare Systems, Inc. ("CHS") and Christopher Cosgrove ("Cosgrove" and together with CHS, the "Employer Parties") on the other.

WHEREAS, CHS is a Delaware corporation with its principal place of business in Middlesex County, New Jersey;

WHEREAS, Cosgrove, an individual, serves as the President and CEO of CHS;

WHEREAS, Andreano, an individual, is a former employee of the Employer Parties and performed work for the Employer Parties in the state of Ohio;

WHEREAS, Andreano asserts that the Employer Parties failed to pay Andreano earned wages and therefore filed a civil action against the Employer Parties in the United States District Court for the Southern District of Ohio (the "District Court"), Eastern Division, entitled *Nancy Andreano v. Comprehensive Healthcare Systems Inc., et al.*, Case No. 2:25-CV-00012 (the "Lawsuit");

WHEREAS, the Employer Parties deny Andreano's claims in the Lawsuit and all allegations of wrongdoing asserted by Andreano;

WHEREAS, the Parties—for sound reasons and to avoid further costs—now desire to settle, fully and completely, and dispose of all claims of whatever nature they now may have, whether known or unknown, against each other.

NOW, THEREFORE, based upon the recitals, representations, and agreements set forth herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged by each Party, the Parties hereto agree to the following:

1. **Payment.** The Employer Parties shall pay Andreano $90,000 to fully settle all claims asserted in the Lawsuit (the "Settlement Sum"). For the avoidance of any doubt, the Employer Parties shall be jointly and severally liable for the Settlement Sum. The Employer Parties shall pay Andreano the Settlement Sum as follows:

    (a) The Employer Parties will pay Andreano an initial payment of $20,000 (the "Initial Payment"), on or before June 20, 2025.

    (b) The Employer Parties further agree to make monthly payments to Andreano of $14,000 (the "Monthly Payments"), minus all applicable withholdings, beginning on July 21, 2025 and continuing on the twenty-first day of every month thereafter until the entire Settlement Sum is paid in full.

{02193594-1}

EXHIBIT 1

(c) Notwithstanding anything to the contrary above, the Employer Parties agree to make the above-referenced Monthly Payments such that the entire Settlement Sum is paid in full on or before November 21, 2025.

(d) The Initial Payment shall be made by check made payable to "Nancy Andreano" and delivered to her counsel at 1111 Superior Avenue East, Suite 2700, Cleveland, OH 44111. In light of Andreano's allegations seeking non-economic compensation, including, for example, punitive damages, Employer Parties will issue Andreano a Form 1099-MISC in connection with the Initial Payment. The Monthly Payments shall be made via wage check (and subject to applicable tax withholdings) payable to "Nancy Andreano" and delivered to Andreano via direct deposit. The Employer Parties will issue Andreano a Form W-2 for the Monthly Payments.

(e) In the event that the Employer Parties fail to make any of the payments as required under this Agreement, the Employer Parties will be in default. Upon such default, Andreano has the right to declare the entire Settlement Sum to be immediately due and payable to Andreano, and the Employer Parties shall be obligated to pay the entire Settlement Sum. The Employer Parties agree to pay Andreano, on demand, all costs and expenses arising from the enforcement of these terms, including but not limited to, reasonable attorneys' fees, expenses, and court costs.

2. <u>Settlement Agreement in Andreano's Best Interest.</u> Andreano's counsel represents having conducted a thorough investigation into the facts of this action and diligently pursuing an investigation of Andreano's claims and the Employer Parties' potential defenses. This included reviewing relevant documents and researching the applicable law and the potential defenses. Based on an independent investigation and evaluation, it is Andreano's counsel's opinion that this settlement and this Agreement are fair, adequate, and reasonable and are in Andreano's best interest (in light of all known facts, circumstances, and the risk of significant delay and expenses associated with litigation).

3. <u>Resolution of Claims.</u> Upon execution of this Agreement, the Parties will jointly move the District Court for an entry of an Agreed Order (the "Agreed Order"), proposed and attached as Exhibit 2 to the Parties' Joint Motion to Approve Settlement Agreement (the "Joint Motion"), approving the amounts payable to Andreano to resolve the Lawsuit. In the event the District Court does not enter the Agreed Order, the Parties shall take whatever steps are necessary to revise this Agreement to conform with the District Court's order and to ensure Andreano is paid the full Settlement Sum.

Additionally, the Employer Parties shall execute and deliver to Andreano, contemporaneously with their execution of this Agreement, a consent judgment (the "Consent Judgment") in the amount of $90,000 plus interest at the statutory rate of 8% per annum to be held by counsel for Andreano. The Consent Judgment shall be signed by the Employer Parties and/or counsel for the Employer Parties. Andreano and/or Andreano's counsel shall not file the Consent Judgment unless and until the Employer Parties breach any one or more terms of this Agreement and/or the Agreed Order. Upon any such breach

by the Employer Parties, Andreano shall have the right but not the obligation to file the Consent Judgment with the District Court by filing a motion to enforce settlement along with a copy of the Consent Judgment.

4. <u>Release.</u> For purposes of this Agreement, the term "Claims" means any and all past and present claims, causes of action, damages, losses, counterclaims, demands, obligations, penalties, fines, liabilities and injuries, including but not limited to all liability, costs, expenses, fees (including attorneys' fees), and interest, of any kind or description whatsoever in law or in equity, now known, or hereafter discovered, and all other damages, both compensatory and punitive, whether direct or indirect, arising in tort, contract, statute, administrative rule or process, regulatory rule or process, or otherwise, which the Parties have, had, or may have, against each other, except for the obligations created by this Agreement. In exchange for the Parties' promises contained herein, Andreano and the Employer Parties, on behalf of their respective affiliates, subsidiaries, members, shareholders, partners, directors, officers, employees, agents, insurers, heirs and assigns, and all representatives acting on their respective behalves, forever waive, release, and discharge each other from and against any Claims.

Notwithstanding anything to the contrary in this Section 4, Andreano's release of Claims she has, had, or may have against the Employer Parties does not become effective until 91 days have elapsed after the Employer Parties have paid Andreano the entire Settlement Sum.

Notwithstanding anything to the contrary in this Section 4, nothing in this Agreement constitutes a release or waiver of: (a) any claim or right that may arise after the execution of this Agreement; and (b) any claim to enforce this Agreement.

5. <u>Representations by the Employer Parties</u>. The Employer Parties agree not to contest or defend any proceeding filed to determine the dischargeability of the Settlement Sum in the event of any bankruptcy filing by any one or more of the Employer Parties. For the avoidance of doubt, should either of the Employer Parties file for bankruptcy, the Employer Parties agree not to contest any nondischargeability action brought by Andreano.

6. <u>No Sale of Assets.</u> The Employer Parties will not sell the assets of either of the Employer Parties, whether owned in whole or in part, individually or jointly, unless such sale provides for payment of the Settlement Sum to Andreano, in full, at the closing of any such sale.

7. <u>Non-disparagement/Neutral Reference.</u> The Employer Parties will not make any statement, orally, in writing, or otherwise, or in any way disseminate any information, concerning Andreano which, in any way, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon Andreano. Upon inquiry from any potential employer, the Employer Parties will provide a neutral reference for Andreano, indicating only the positions Andreano held with CHS and the dates during which she held said positions. Likewise, Andreano will not make any statement, orally, in writing, or

otherwise, or in any way disseminate any information, concerning the Employer Parties which, in any way, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon the Employer Parties.

8. <u>Representations as to Authority</u>. The Parties represent and warrant that each Party to this Agreement has full and unrestricted power, right, and authority to enter into this Agreement and perform its respective obligations hereunder.

9. <u>Recitals</u>. The recitals set forth herein are incorporated in this Agreement by reference.

10. <u>Headings</u>. The headings preceding each Section are intended for the convenience of the Parties to this Agreement and have no legal significance.

11. <u>No Assignment</u>. This Agreement shall not be assigned without the prior written consent of all of the Parties hereto.

12. <u>Declaration of Review</u>. The Parties declare that they have carefully read this Agreement, reviewed its terms with their respective counsel, and its purpose is to make a full and final adjustment and resolution of the matters addressed herein. The Parties agree that the settlement and this Agreement are fair, adequate, and reasonable.

13. <u>Governing Law</u>. This Agreement shall be interpreted, construed, and governed by the internal laws of the State of Ohio without regard to conflicts of law principles.

14. <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same document. Signatures delivered by electronic means (facsimile, pdf scan, etc.) shall be deemed originals thereof.

15. <u>Binding Effect</u>. This Agreement shall bind and inure to the benefit of the Parties hereto, their respective heirs, members, partners, shareholders, subsidiaries, affiliates, agents, officers, directors, employees, insurers, successors, assigns, and all other representatives acting on the Parties' respective behalves.

16. <u>Severability</u>. In the event one or more provisions of this Agreement shall be found by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, the remaining provisions contained in this Agreement shall survive, not in any way be affected or impaired, and this Agreement shall be enforced in full as if the unenforceable provision never existed.

17. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties hereto as to the subject matters contemplated herein. This Agreement fully supersedes any prior agreements between the Parties.

[Remainder of Page Intentionally Left Blank; Signature Page Follows]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the respective dates set forth below.

CAUTION: READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. IT IS A LEGAL AND BINDING AGREEMENT AND MATERIALLY AFFECTS YOUR LEGAL RIGHTS. BY SIGNING THIS AGREEMENT, YOU ACKNOWLEDGE THAT YOU HAVE READ THE ENTIRE AGREEMENT AND THAT YOU FULLY UNDERSTAND AND AGREE TO ALL TERMS HEREIN. BY EXECUTING THIS AGREEMENT, EACH PARTY ACKNOWLEDGES THAT: (I) THEY HAVE NOT RELIED ON ANY STATEMENT OF FACT OR OPINION MADE BY ANY OTHER PARTY TO THIS AGREEMENT OR BY ANY PERSON OR ORGANIZATION ACTING ON BEHALF OF ANOTHER PARTY TO INDUCE EITHER OF THEM TO EXECUTE THIS AGREEMENT OTHER THAN WHAT IS CONTAINED IN THIS AGREEMENT, (II) THEY HAVE HAD THE OPPORTUNITY TO SEEK ADVICE OF COUNSEL, (III) THEY HAVE READ THE TERMS OF THIS AGREEMENT AND FULLY UNDERSTAND IT, AND (IV) THEY ARE SIGNING THE AGREEMENT AS THEIR OWN RESPECTIVE FREE ACTS AND DEEDS.

_/s/ Nancy E Andreano_
**NANCY ANDREANO**

Date: May 16, 2025

_/s/ Chris Cosgrove_
**CHRISTOPHER COSGROVE**

Date: May 19, 2025

**COMPREHENSIVE HEALTHCARE SYSTEMS**

By: _/s/ Chris Cosgrove_

Print Name and Title: Chris Cosgrove Presdient & CEO

Date: May 19, 2025

[Signature Page to This Settlement and Release Agreement]

{02193594-1}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NANCY ANDREANO** | ) | CASE NO. 2:25-CV-00012 |
| Plaintiff, | ) | |
| | ) | JUDGE DOUGLAS R. COLE |
| vs. | ) | |
| | ) | MAGISTRATE ELIZABETH PRESTON DEAVERS |
| **COMPREHENSIVE HEALTHCARE** | ) | |
| **SYSTEMS INC., et al.** | ) | **AGREED ORDER APPROVING SETTLEMENT** |
| | ) | |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement. In this action, Plaintiff asserted claims against Defendants for failure to pay certain wages pursuant to the Fair Labor Standards Act. 29 U.S.C. § 201, et seq. ("FLSA"), Ohio Minimum Fair Wage Standards Act § 4111.01, et seq., the Ohio Prompt Payment Act, R.C. § 4113.15. Plaintiff also brought claims, alleging breach of contract, unjust enrichment, negligent misrepresentation, fraudulent misrepresentation, promissory estoppel, and civil liability for criminal conduct. Defendants dispute these allegations.

Plaintiff's claims arising under the FLSA may only be settled or compromised by "a stipulated judgment entered by a court that has determined that a settlement…is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 U.S. Dist. LEXIS 80500, at *9-*10 (N.D. Ohio May 25, 2017) (internal citations and quotations omitted). Likewise, the OMWFSA "incorporates the standards and principles found in the FLSA" and "Ohio's wage and hour law should be interpreted in accordance with the FLSA." *Id.* at *8, fn. 1. (internal citations and quotations omitted). To this end, Plaintiff's Ohio wage and hour claims may only be settled by a stipulated judgment entered by this Court.

{02197532-1}

**EXHIBIT 2**

The parties have presented the Court with their settlement agreement. The Court, having reviewed it, finds that it is a fair and reasonable resolution of a bona fide dispute over Plaintiff's claims. The Court, therefore, approves the settlement agreement, and orders that the settlement agreement be implemented according to its terms and conditions. More specifically, and in keeping with the terms of the settlement agreement, the Court orders as follows:

- The Defendants must pay Plaintiff a sum of $90,000 (the "Settlement Sum"), and Defendants shall be jointly and severally liable for the Settlement Sum. The Defendants must pay Andreano the Settlement Sum as follows:
    - The Defendants shall pay Plaintiff an initial payment of $20,000 (the "Initial Payment"), on or before June 20, 2025.
    - The Defendants shall make monthly payments to Plaintiff of $14,000 (the "Monthly Payments"), minus all applicable withholdings, beginning on July 21, 2025 and continuing on the twenty-first day of every month thereafter until the entire Settlement Sum is paid in full.
    - Notwithstanding anything to the contrary above, the Defendants must make the above-referenced Monthly Payments such that the entire Settlement Sum is paid in full on or before November 21, 2025.
- Defendants shall be enjoined from selling any assets of Defendants, whether owned in whole or in part, individually or jointly, unless such sale provides for payment of the Settlement Sum to Plaintiff, in full, at the closing of any such sale.
- To the extent they have not already done so, Defendants shall execute and deliver to Plaintiff within five days of the date of the this Agreed Order, a consent judgment in the amount of $90,000 plus interest at the statutory rate of 8% per annum (the "Consent

Judgment") to be held by counsel for Plaintiff. The Consent Judgment shall not be filed of record unless and until Defendants breach any one or more terms of this order and/or the terms of the settlement agreement between the Parties. Upon any default in the above terms, Plaintiff shall have the right but not the obligation to file the Consent Judgment with the Court by filing a motion to enforce settlement along with a copy of the Consent Judgment.

- Defendants hereby waive any and all defense to any action to enforce payment of the Settlement Sum or the Consent Judgment, and Defendants hereby waive any right to appeal the entry or terms of this Agreed Order.

This Court retains jurisdiction to enforce the terms of this order, the parties' settlement agreement, and the Consent Judgment.

**IT IS SO ORDERED.**

Dated:_____   _____

{02197532-1}

Agreed to by:

/s/ Frank T. George
Rachel L. Steinlage (0079450)
rls@mccarthylebit.com
Frank T. George (0097925)
ftg@mccarthylebit.com
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Ave., Suite 2700
Cleveland, Ohio 44114
Phone: (216) 696-1422
Fax:  (216) 696-1210

*Attorneys for Plaintiff*

/s/ Raymond W. Lembke
Raymond W. Lembke (0003044)
rlembke@fuse.net
LAW OFFICE OF RAYMOND W. LEMBKE
496 Old State Route 74, Suite 202
Cincinnati, OH 45244
Phone: (513) 621-9603

Attorney for Defendants

{02197532-1}